UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:08-CR-47 |
| V. | ) | (PHILLIPS / GUYTON) |
| | ) | |
| FRANK SOUTO, | ) | |
| VINCENT WILLIS, | ) | |
| MARIA BEAVER, | ) | |
| JOHN DOE, a/k/a "Poli", a/k/a | ) | |
| Jose Augustin Orozco Mendoza, | ) | |
| JOHN DOE, a/k/a Bernardo Valdez Leal, | ) | |
| DAMIEN LOPEZ, a/k/a JUAN DIAZ, JR., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. On July 14, 2008, this criminal action came before the Court for a hearing on the government's Motion for Extension of Time Within Which to Provide Discovery [Doc. 24] and defendant Frank Souto's Motion to Continue Trial [Doc. 35]. Assistant United States Attorney Tracee Plowell appeared on behalf of the government. Attorney Leslie M. Jeffress appeared on behalf of defendant Frank Souto; attorney David M. Eldridge appeared on behalf of defendant Vincent Willis; attorney James H. Varner, Jr. appeared on behalf of defendant Maria Beaver; and attorney Mike Whalen appeared on behalf of defendant Jose Augustin Orozco Mendoza.

During the hearing, the parties all agreed that the currently scheduled trial date of July 21, 2008, was untenable and that the matter would need to be continued in order to allow defendants time to fully review discovery, to file any necessary motions, for the Court to rule on any such

motions, for the parties to appeal any such ruling to the District Court, if necessary, and for the parties to prepare for trial. More specifically, the government has just finished producing thousands of wire tap calls in discovery, and these calls need to be copied, reviewed, and translated (as many are in Spanish), and the parties and their attorneys will still need to obtain and review lab reports, and then prepare the appropriate individual and/or collective motions. In light of AUSA Plowell's representation that all discovery has been provided, but for lab reports, which should be available tomorrow, the government's Motion for Extension of Time Within Which to Provide Discovery **[Doc. 24]** is **DENIED AS MOOT**.

In light of the agreement by the parties, the Court finds that the ends of justice served by a continuance outweigh the interest of defendants and the public in a speedy trial. See 18 U.S.C. § 3161(h)(8)(A). Specifically, the Court finds that failure to grant a continuance under these circumstances would deny defendant the reasonable time necessary for effective preparation for trial, resulting in a miscarriage of justice. See 18 U.S.C. § 3161(h)(8)(B)(i),(iv). The Court finds that this case not only involves multiple defendants, but is alleged to be related to two other multi-defendant indictments, and that additional time is needed: to allow the defendants to review the voluminous discovery in this matter; to allow the parties to file any necessary motions; for the Court to hear argument on and rule on any such motions; for the District Court to rule on any objections to any Reports and Recommendations the Court might issue; and for both parties to then prepare for trial based upon the resolution of any such motions. The Court finds that this could not take place before the July 21, 2008, trial date, or in less than approximately seven months. Therefore, the trial in this matter is hereby **CONTINUED** to **February 19, 2009**.

Accordingly, the Court finds that all time between the filing of the instant motions and the new trial date of February 19, 2009, is fully excludable time under the Speedy Trial Act. See 18

U.S.C. § 3161(h)(8)(A)-(B)(i) and (iv). Counsel for government and for all of the defendants agreed that the time in question was fully excludable.

In light of the new trial date, the Court set the following deadlines: defendants shall have until and including **November 14, 2008**, to file any motions; the government shall have until and including **December 5, 2008**, to respond to any such motions. A pretrial conference is scheduled for **February 6, 2009 at 11:00 a.m.** before the undersigned.

Accordingly, for the reasons set forth above, the government's Motion for Extension of Time Within Which to Provide Discovery **[Doc. 24]** is **DENIED AS MOOT**. Defendant Frank Souto's Motion to Continue Trial is hereby **GRANTED**.

> In summary, it is **ORDERED**:
>
> (1) The trial of this matter is reset to commence on **February 19, 2009, at 9:00 a.m.,** before the Honorable Thomas W. Phillips, United States District Judge;
>
> (2) All time between the filing of the instant motions and the new trial date of **February 19, 2009**, is fully excludable time under the Speedy Trial Act for the reasons set forth above;
>
> (3) The motion deadline is extended to **November 14, 2008**;
>
> (4) Responses to any such motions shall be due on or before **December 5, 2008**;
>
> (5) A pretrial conference on **February 6, 200 at 11:00 a.m.** before the undersigned.

**IT IS SO ORDERED.**

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge